

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No.  40999-6-III |
| DENNIS CAPPER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| JENNIFER CAPPER, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, C.J. — Jennifer Capper appeals the trial court's order denying her motion

to vacate the separation decree and the order converting the separation decree to a

dissolution decree.  She contends the court abused its discretion by denying her motion to

vacate based on misstatements of opposing counsel and other unsupported facts.  She

further contends entry of the dissolution decree was error because it violated public

policy.  She asks us to reverse and remand the case with instructions to change venue.

Both parties request attorney fees on appeal.

We disagree with Jennifer's arguments and affirm. Additionally, we decline to award fees to either party.

BACKGROUND

Jennifer and Dennis Capper[1] married in 1995 and separated in September 2013. Dennis filed a petition for legal separation on October 21, 2013. Jennifer joined in the petition.

The court entered findings of fact and conclusions of law regarding the marriage, and a decree of legal separation on November 6. The documents indicated the findings were based on agreement and there was no written separation contract. The documents further provided that spousal maintenance was not requested, and the parties agreed to divide community property and liabilities on their own. A child support worksheet was also filed and incorporated by reference in the findings. On the worksheet, under "Other Factors For Consideration," Dennis wrote:

> [W]e are splitting the equity in our home as [w]ell as splitting the proceeds of the sale of our boat. I do not wish to receive child [s]upport from Jennifer Capper. Our son is 16 years old and I will be taking on all of [the f]inancial burden of providing for him.

Clerk's Papers (CP) at 13.

---

[1] Because the parties share the same last name, this opinion refers to each by their first name for clarity. No disrespect is intended.

On November 14, Jennifer and Dennis signed an "assets and debt sheet" that listed how the assets and debts would be split between Dennis and Jennifer. The document provided that Dennis would maintain residence at the house, Jennifer would receive $10,000 from the equity that is pulled out from the refinance, and Dennis would assume the $20,000 home equity loan. The assets and debts sheet also identified a boat worth $10,000 that Dennis would keep. This document bore a notary stamp; it was not filed with the court.

On November 19, Jennifer executed a quit claim deed transferring her interest in the property to Dennis.

Eleven years later, in November 2024, Jennifer moved the court to vacate the separation decree. Representing herself pro se, she asserted multiple grounds for vacation, including allegations of fraud, misrepresentation, and Dennis's failure to follow the terms of the separation decree. Dennis opposed the motion and denied Jennifer's allegations.

The court held a hearing on Jennifer's motion to vacate. Jennifer explained that eight days after the parties agreed to the separation decree, Dennis presented her with a notarized document that was not filed with the court, not reviewed by the court, and changed the details of the decree. The court asked Jennifer whether she received $10,000 from Dennis, and she stated she received $8,800. Jennifer stressed that nothing was filed

in the record regarding the deed to the house or evidencing an agreement to exchange her interest in the property for $10,000.

Dennis's counsel objected to Jennifer's statement that the assets and debts sheet was never filed: "It has been. It was filed back in 2013. . . . It's called a list of assets and debts. . . . It's on [sic] the Court file. So, a court record." Rep. of Proc. (RP) at 13-14. Jennifer responded, "[w]ell, I'm wondering, are they saying that this is our agreement, or what was filed with the Court? Because they don't match." RP at 14. She argued that not only were there discrepancies between the documents regarding disposition of the house and boat, but that Dennis also violated the assets and debts sheet by selling her assets and not giving her certain proceeds.

The court noted the separation decree was "very similar to what this Court sees all the time. It's very basic. And it's a lot of: The parties will decide this. The parties will decide this. The parties will decide this." RP at 20. It opined that the separation appeared to be signed by and agreed to by the parties at the time. It further noted that the assets and debts sheet appeared to be "a follow up" of the decree because it showed "a dissolution of the assets that's consistent with what that legal separation indicates." RP at 21. After weighing the evidence, the court determined: "I don't believe there was any fraud in this. I believe it's circumstances after the fact that didn't work out as well." RP at 22.

4

The court ultimately denied Jennifer's motion to vacate. Dennis then moved the court to convert the separation decree into a dissolution decree, which the court granted.

Jennifer appeals.

ANALYSIS

1. MOTION TO VACATE

Jennifer argues the separation decree should have been vacated under RCW 4.72.080 because Dennis failed to comply with it; and under CR 60(b)(4) because Dennis misrepresented material facts. Dennis maintains there is no clear and convincing evidence of fraud or misconduct. He further asserts that counsel's misstatements of fact were not evidence. We conclude the court did not abuse its discretion.

An order on a motion to vacate is reviewed for abuse of discretion. *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990). "A court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons." *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn. 2d 483, 494, 145 P.3d 1196 (2006). "An abuse of discretion is found if the trial court relies on unsupported facts, takes a view that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law." *Id.*

CR 60(b)(4) "authorizes a trial court to vacate a judgment for fraud, misrepresentation, or other misconduct of an adverse party." *Lindgren v. Lindgren*, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). The party challenging the judgment under CR

5

60(b)(4) "must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence." *Id.* A party cannot "assert an underlying cause of action for fraud that does not relate to the procurement of the judgment." *Id.* Rather, "the fraudulent conduct or misrepresentation must cause the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense." *Id.*

Here, Jennifer did not assert fraud or misrepresentation related to the procurement of the separation decree. Instead, she alleged Dennis tricked her after the decree was filed by altering the property distribution terms on a subsequent document. The court weighed the evidence and determined: "I don't believe there was any fraud in this. I believe it's circumstances after the fact that didn't work out as well." RP at 22. Because the court justifiably found the entry of judgment was not influenced by misrepresentation, it did not abuse its discretion by denying Jennifer's motion to vacate under CR 60(b)(4).

Jennifer points to the misstatements of fact by counsel as untenable grounds on which the court based its decision. Indeed, Dennis's counsel errantly represented multiple times that the assets and debts sheet was filed with the court in 2013. However, the court did not appear to rely on this misrepresentation. Instead, the court considered the existence of the document, not whether it was filed:

> But I do have a legal separation that appears to have been signed by both parties and agreed to by both parties at the time. And then, a follow-up with a separation contract that shows a dissolution of the parties—or a

6

dissolution of the assets that's consistent with what that legal separation indicates.

RP at 21.

Jennifer further contends the court's decision was unsupported because the assets and debts sheet is not consistent with the separation decree and the inconsistencies prove Dennis's misconduct. This argument is unpersuasive.

The court's statement regarding the consistency of the assets and debts sheet was likely a comment that the existence of a subsequent property distribution agreement was consistent with the parties' agreement to "divide everything on their own." CP at 29. It noted the separation decree was "very similar to what this Court sees all the time. It's very basic. And it's a lot of: The parties will decide this. The parties will decide this. The parties will decide this." RP at 20. And Dennis's statement on the child support worksheet that "we are splitting the equity in our home" is not necessarily inconsistent with the assets and debts sheet. CP at 13, 55. Moreover, the note on the worksheet indicating the parties would split the proceeds from the sale of the boat was not binding on their future decisions regarding property distribution.

In sum, it cannot be said that the trial court relied on unsupported facts to make its decision, nor did it demonstrate "a clearly erroneous assessment of the evidence." *See Demelash v. Ross Stores, Inc.*, 105 Wn. App. 508, 530, 20 P.3d 447 (2001). The court therefore did not abuse its discretion by denying Jennifer's motion.

Jennifer also argues vacation was warranted under RCW 4.72.080 because Dennis failed to comply with the separation decree. This statute provides:

> The provisions of this chapter shall not be so construed as to affect the power of the court to vacate or modify judgments or orders as elsewhere in this code provided; nor shall the time limitations set forth in this chapter within which proceedings to vacate or modify a judgment must be started apply to a judgment heretofore or hereafter entered by consent or stipulation where the grounds to vacate or modify such judgment are based on fraud or misrepresentation, or when after the entry of the judgment either party fails to fulfill the terms and conditions on which the consent judgment or stipulation was entered; nor shall any judgment of acquittal in a criminal action be vacated under the provisions of this chapter.

RCW 4.72.080.

Jennifer's argument fails because this statute provides an exemption from time limits for filing a motion to vacate under certain circumstances; it does not require a court to grant such a motion. Under RCW 4.72.080, when a judgment is entered by consent or stipulation and one party does not fulfill the terms or conditions on which the consent judgment was entered, the time limits set forth in chapter 4.72 RCW for filing a motion to vacate do not apply. This statute is inapplicable here because the court did not find Jennifer's motion untimely or make any findings regarding the age of the separation decree. Nor does RCW 4.72.080 require a court to vacate a consent judgment when one party does not fulfill the terms.

The court did not abuse its discretion by denying Jennifer's motion to vacate.

2.   DECREE OF DISSOLUTION

Jennifer contends the court erred by entering the decree of dissolution because the property distribution violates public policy. Dennis maintains the property distribution was fair and equitable, and the time to appeal the separation decree expired in 2013. We conclude the trial court did not abuse its discretion.

"No earlier than six months after entry of a decree of legal separation, on motion of either party, the court shall convert the decree of legal separation to a decree of dissolution of marriage or domestic partnership." RCW 26.09.150(2)(a).

Here, the separation decree was filed November 6, 2013. More than six months later, Dennis moved the court to convert the separation decree to a decree of dissolution. The court granted the motion and ordered the conversion as required by RCW 26.09.150(2)(a). As such, the court did not err.

Nevertheless, Jennifer contends the dissolution decree "violates public policy because it provides no distribution of the community property of this 30-year marriage and no support for the spouse of the marriage, based entirely on the untenable finding of a 'separation contract.'" Appellant's Br. at 34-35. She relies on *Decker v. Decker* to support her public policy argument, providing the following excerpt:

> It is clear that the parties to a divorce action cannot foreclose the public interest in their marital responsibilities by a contract or an agreement of settlement. . . .   There is no sound reason for allowing a husband to contract

away his duty to support his wife and children under the guise of a
"property settlement agreement."

> We hold that contempt proceedings are a proper remedy to enforce the
> court's order with respect to property settlements—whether or not the
> settlement was previously agreed to by the parties, so long as it is embodied
> or incorporated by reference in the divorce decree.

52 Wn.2d 456, 465, 326 P.2d 332 (1958).

Jennifer's argument is unpersuasive because it assumes the assets and debts sheet is controlling. But the order converting the separation decree to a dissolution decree was silent as to the assets and debts sheet and did not incorporate it by reference. The decree is controlling and it indicates only that spousal maintenance does not apply and "[b]oth parties agree to divide everything on their own." CP at 27-29. Such language is not a per se violation of public policy. Moreover, to the extent Jennifer believes Dennis is non-compliant with the decree or that a subsequent agreement is incomplete, violates the decree, or provides less favorable terms, Jennifer can seek enforcement of the dissolution decree through contempt proceedings. *See Decker*, 52 Wn.2d at 465.

The court did not err by converting the separation decree to a dissolution decree.

3.   CHANGE OF VENUE

Jennifer requests that we remand this case with instructions to change the venue to Cowlitz County. We decline to do so.

A motion to change venue must be raised in the trial court and may not be argued for the first time on appeal. *See In re Custody of Z.C.*, 191 Wn. App. 674, 706-07, 366 P.3d 439 (2015); RAP 2.5(a). Here, Jennifer informed the court that she wanted to change venue because she lived eight hours away. The court validated Jennifer's concern and encouraged her to bring a motion: "If a motion to change venue was presented to this Court, I would hear it. . . . And I could see why you would want to move it to Cowlitz." RP at 22-23. However, Jennifer did not subsequently present a motion to change venue. As such, the issue is not properly before this court.

We decline Jennifer's request to order a change of venue.

4. COSTS AND ATTORNEY FEES ON APPEAL

Jennifer requests an award of costs and fees under CR 60(b), RCW 26.09.140, and RAP 18.1(a). Alternatively, she requests fees as sanctions for Dennis allegedly acting in bad faith. Dennis requests attorney fees under RAP 14.2 as the substantially prevailing party. He also requests fees as sanctions, alleging that Jennifer's opening brief was prepared by her mother who is not a licensed attorney. We deny both parties' requests.

First, we deny Jennifer her request for fees because she did not incur any. This court "awards reasonable *attorney* fees, not fees in lieu of attorney fees to nonattorneys

who represent themselves." *West v. Thurston County*, 168 Wn. App. 162, 195, 275 P.3d 1200 (2012) (internal quotation marks omitted). Here, Jennifer represented herself below and on appeal. As such, she is not eligible for a fee award.

Jennifer also requests an award of costs. In dissolution actions, RCW 26.09.140 grants this court discretion to order one party to pay the other party the reasonable costs of maintaining the appeal. RCW 26.09.140. "'In exercising our discretion' under that statute, we consider 'the arguable merit of the issues on appeal and the financial resources of the respective parties.'" *Johnson v. Johnson*, 107 Wn. App. 500, 505, 27 P.3d 654 (2001) (quoting *In re Marriage of Griffin*, 114 Wn.2d 772, 779-80, 791 P.2d 519 (1990)). To consider the parties' financial resources, each must file a financial affidavit no later than ten days before oral argument. RAP 18.1(c). Jennifer failed to timely submit the necessary affidavit; we decline her request for costs accordingly.

Next, we turn to Dennis's request for attorney fees under RAP 14.2. RAP 14.2 contemplates who is entitled to costs; it does not authorize this court to award attorney fees. As such, we decline to award Dennis fees.

Dennis also requests attorney fees as sanctions because Jennifer's mother is allegedly engaging in the unauthorized practice of law on Jennifer's behalf. However, Dennis provides no legal authority supporting his argument; thus, we do not consider the contention. *See* RAP 10.3(b).

No. 40999-6-III
*In re Marriage of Capper*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Hill, J.

_____
Murphy, J.